IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| In re: | : | BANKRUPTCY CASE |
| --- | --- | --- |
| | : | |
| | : | NO. |
| JAMES A. & AMIE M. OCHSENFELD | : | |
| Debtor(s) | : | CHAPTER 13 PROCEEDING |

## CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the Trustee, and the debtor(s) shall pay to the Trustee the sum of **$850.00** monthly.

2. From the payments so received, the Trustee shall make disbursements as follows:

(a) The Trustee percentage fee as set by the U.S. Trustee.

(b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim).

| NAME OF CREDITOR | PAYMENT AMOUNT | MONTH OF 1st PAYMENT UNDER PLAN |
| --- | --- | --- |
| | | |

(c) Preconfirmation adequate protection payments may be made to the following secured creditors and holders of executory contracts within 30 days of the Order for Relief. Such adequate protection disbursements shall begin within 30 days after a legally executed proof of claim with necessary documentation to establish the nature and the extent of the claimed lien is filed with the Court and served on the Trustee and the debtor's counsel.

| Name of Creditor | Collateral | To Be Paid |
| --- | --- | --- |
| **Chrysler Financial** | **2006 Dodge Ram Pickup** | **50.00** |
| **Southeast Toyota** | **2008 Toyota 4-Runner** | **50.00** |

(d) The administrative priority payments pursuant to 11 USC 507(a)(2), including attorney's fees of **$2,454.00**.

(e) Upon confirmation of the plan and after the above are paid distributions will be made to cure arrearages and pay secured debts whose claims are duly proven and allowed as follows:

(1) It is expressly stated that due to normal variations between the Chapter 13 Debtors' monthly plan payment due date and the Trustee's disbursement date, payments to secured creditors under the below plan will necessarily vary from month to month and will not be deemed periodic for purposes of 11 USC § 1325 (a)(5)(B)(iii). The Chapter 13 Trustee shall make disbursements as per the normal disbursement and priority guidelines of 11 USC §507 (a) and 11 USC § 1326 (b)(1).

| Name of Creditor | Estimated Amount Due | Value | Interest | Collateral | To Be Paid |
| --- | --- | --- | --- | --- | --- |
| **Chrysler Financial** | $11,994.00 | $10,000.00 | 6% | 2006 Dodge Ram Pickup | 260.00 |
| **Southeast Toyota** | 21,473.00 | 20,000.00 | 6% | 2008 Toyota 4-Runner | 465.00 |
| **Turner's Furniture** | 1,974.00 | Debt | 6% | PMSI - Furniture | 45.00 |

**TOTAL SECURED MONTHLY PAYOUT**      $ 770.00

(f) The debtor(s) will act as his/her/their own disbursing agent on the following debts:
**Wells Fargo – ongoing monthly mortgage payment on House and Lot located at 133 Mayfield Drive, Leesburg, Georgia to recommence February 2011.**

**AES, US Department of Education and Wells Fargo Financial – student loans to remain deferred during the life of the plan.**

(g) The following collateral is surrendered to the creditor:

| Name of Creditor | Description of Collateral |
| --- | --- |
| | |
| | |

1

(h) The following unsecured claims are classified to be paid at 100% (contract interest will be paid on the claim unless otherwise indicated):

(i) The following domestic support obligations will be paid over the life of the plan as follows:

| Name of Creditor | Payment Amount |
|---|---|
|  |  |

(j) All other 11 U.S.C. §507 priority claims will be paid in full over the life of the plan.

(k) Special provisions:
**1. Within thirty (30) days of completion of payments of the secured debt to Chrysler Financial and Southeast Toyota shall surrender the title to the vehicle to the debtor with their lien satisfied.**
**2. Debtor(s) request(s) an immediate payroll deduction.**
**3. Unless otherwise provided herein property of the estate shall remain vested in the Trustee and shall not re-vest in the debtor upon confirmation.**
4. The holder of a type of claim governed by Code Section 1322(b)(5) or (b)(7) shall serve the Trustee, the debtor, and the debtor's counsel with a statement of any increase or decrease of periodic payments prior to the effective date of the adjustment of the payment amounts.
5. Upon discharge, all non-purchase money, non-possessory liens and/or judicial/statutory/consensual liens in any and all property of the bankruptcy estate will be avoided pursuant to 11 USC §522(f), and upon notice of discharge, the creditors shall cancel said lien(s) of record within fifteen (15) days of such notice. This provision shall apply to all creditors, including, but not limited to the following:

(l) $80.00 will be assigned to costs and unclassified unsecured creditors
    0% dividend will be paid to unsecured creditors.
The term of the plan is approximately **4 years and 9 months**. Unless this plan provides for a dividend of 100% to unsecured creditors, this plan shall run for a minimum of 36 months.

_11/28/11_
Date

_____
Attorney for Debtor

2